IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHARLES RAY BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:09CV214 |
| | ) |
| SHERIFF B.J. BARNES, MAJOR | ) |
| MONTGOMERY, CAPTAIN C. WILLIAMSON, | ) |
| LEIUTENANT [SIC] ROLLINS, SGT. | ) |
| HAIRSTON, SGT. R. TINSLEY, CAPT. | ) |
| D.S. ROBERTSON, and SGT. ROBERT | ) |
| LANIER | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court for a recommended ruling on Defendants' Motion to Dismiss (Docket Entry 9). (See Docket Entry dated Aug. 31, 2010; see also Fed. R. Civ. P. 72(b)(1).) In addition, the Court must address the related matter of Plaintiff's Motion to Amend Complaint (Docket Entry 15). (See Docket Entry dated May 27, 2010.) Finally, Plaintiff also has filed a Motion for the Production of Documents pursuant to Rule 34, Fed. R. Civ. P. (Docket Entry 18), and a Motion for Interrogatories pursuant to Rules 33 and 34, Fed. R. Civ. P. (Docket Entry 19). For the reasons that follow, the Court will allow Plaintiff's Motion to Amend Complaint and, as a result, it is recommended that Defendants' Motion to Dismiss be denied without prejudice to re-submission after Plaintiff has an opportunity to file his Amended Complaint. In addition, the Court will deny Plaintiff's discovery-related motions for lack of ripeness.

BACKGROUND

This case began when Plaintiff filed a request to proceed *in forma pauperis* and a form Complaint pursuant to 42 U.S.C. § 1983, on March 27, 2009. (Docket Entries 1, 2.) According to the Complaint, at the time of its filing, Plaintiff was housed at the High Point Jail, the lead defendant was the Sheriff of Guilford County (the official charged with the responsibility for operating the High Point Jail), and the other defendants worked at the High Point Jail. (Docket Entry 2 at 2 and Addendum to p. 2.) The Complaint sought injunctive relief and punitive damages due to Defendants' alleged violation of the Sixth Amendment to the United State Constitution through the denial of pre-trial detainees' access to the courts and of the Eighth Amendment to the United States Constitution through the manner of confinement of pre-trial detainees. (Id. at 3-4.)

After various efforts to bring Plaintiff into compliance with the requirements for proceeding *in forma pauperis* (see Docket Entries 3-5, 7), the Court directed the United States Marshal to make service on Defendants (Docket Entry 8), which apparently was done by certified mail sent to the High Point Jail (see Docket Entry 12). On January 14, 2010, all the Defendants, except Defendant Robertson, filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim, in which they reported that "neither 'D.S. Robertson (Capt.)' nor anyone else whom Movants infer to be intended by this designation has worked there at a relevant time. The Summons and

Complaint directed to such Defendant and mailed to the High Point Detention facility has therefore not been served upon him/her." (Docket Entry 9 at 1 & n.1.)[1] Defendants served said motion on Plaintiff by mail directed to him at both the address he had provided to the Court (i.e., the High Point Jail) and an address of a North Carolina state prison. (See id. at 2.) The Court sent Plaintiff notice of his right to respond to said motion to the address he had provided at the High Point Jail. (Docket Entry 11; Docket Entry dated Jan. 15, 2010.)

On January 19, 2010, Plaintiff filed a notice that he had a new address at a North Carolina state prison different from the one to which Defendants directed their Motion to Dismiss. (Docket Entry 13.) Defendants filed a Certificate of Service on January 28, 2010, reflecting that they had served Plaintiff with their Motion to Dismiss and supporting brief at his newly-provided address. (Docket Entry 14.) Plaintiff did not file a response to Defendants' Motion to Dismiss. (See Docket Entries dated Jan. 14, 2010, to present.)

However, on February 1, 2010, Plaintiff filed a Motion to Amend Complaint. (Docket Entry 15.) Defendants timely responded in opposition to that motion. (Docket Entry 17.)[2] On May 19, 2010, Plaintiff filed a document entitled "Memorandum of law in

---

[1] In light of the foregoing statement, this Memorandum Opinion will use the term "Defendants" to refer to all Defendants except Defendant Robertson.

[2] Defendants also filed an Answer to Plaintiff's Complaint on February 12, 2010. (Docket Entry 16.)

Support of Amended 42:1983 Civil Rights Complaint," which bears a signature date of May 17, 2010. (Docket Entry 22.)[3]

Finally, on June 17 and 25, 2010, Plaintiff filed a Motion for the Production of Documents pursuant to Rule 34, Fed. R. Civ. P., and a Motion for Interrogatories pursuant to Rules 33 and 34, Fed. R. Civ. P., respectively. (Docket Entries 18, 19.) Defendants timely responded in opposition to those motions on grounds of lack of ripeness by noting that, although styled as "motions" and filed with the Court, the filings in question actually constituted discovery requests properly directed to a party (not filed with the Court), that Defendants would serve responses to those requests on Plaintiff, and that he then could seek intervention by the Court, such as in the form of a motion to compel, if he wished. (See Docket Entries 20, 21.) Plaintiff filed no replies. (See Docket Entries dated July 12, 2010, to present.)

## DISCUSSION

"A party may amend its [complaint] once as a matter of course within . . . 21 days after service of [an answer] or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). As set forth above, Plaintiff filed his Motion to Amend less than 21 days after Defendants filed their Motion to Dismiss under Rule 12(b)(6) (and before Defendants filed their Answer). Accordingly, at that time, Plaintiff had the

---

[3] Plaintiff does not cite any procedural basis for said filing, which the Court will treat as an untimely reply to Defendants' response in opposition to Plaintiff's Motion to Amend Complaint.

right to amend his Complaint without leave of court and without regard to possible futility. See generally Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. . . . Therefore, the district court abused its discretion in preventing [the plaintiff's] amendment as of right, and we reverse the district court on that ground."). Under these circumstances, the Court will permit Plaintiff to file an Amended Complaint, notwithstanding Defendants' arguments that Plaintiff has failed to show the viability of his proposed amendment (see Docket Entry 17 at 3-7).[4]

Given that Plaintiff will be permitted to amend his Complaint, the Court should not grant Defendants' Motion to Dismiss as Plaintiff's amendment may moot or may otherwise affect the proper disposition of the issues raised therein. Instead, the Court should deny said motion without prejudice to Defendants' re-submitting it after Plaintiff has had an opportunity to amend his Complaint. Finally, for the reasons stated in Defendants' responses in opposition thereto, the Court will deny Plaintiff's discovery-related "motions" for lack of ripeness.

## CONCLUSION

At the time he sought to do so, Plaintiff had the right to amend his Complaint without regard to the viability of any claim he

---

[4] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr.19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to Plaintiff's Motion to Amend Complaint.

might present via such amendment and thus the Court will grant his Motion to Amend Complaint. Defendants' Motion to Dismiss for failure to state a claim under Rule 12(b)(6) therefore should be denied without prejudice to its re-submission after Plaintiff has the opportunity to file his Amended Complaint. As a final matter, Plaintiff's discovery-related "motions" fail due to unripeness.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Docket Entry 15) is **GRANTED** and Plaintiff shall file his Amended Complaint by October 1, 2010.

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 9) be **DENIED,** but without prejudice to re-filing after Plaintiff has an opportunity to amend his Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Production of Documents pursuant to Rule 34, Fed. R. Civ. P. (Docket Entry 18), and Motion for Interrogatories pursuant to Rules 33 and 34, Fed. R. Civ. P. (Docket Entry 19), are **DENIED** as unripe.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 8, 2010