IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES RAY BROOKS, III,        )
                                )
            Plaintiff,          )
                                )
    v.                          )    1:09CV214
                                )
SHERIFF B.J. BARNES,            )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion to Dismiss Amended Complaint (Docket Entry 34). For the reasons that follow, the Court should grant the instant Motion.

### BACKGROUND

Plaintiff, proceeding pro se, filed an Amended Complaint asserting constitutional violations against Guilford County Sheriff B.J. Barnes, in his individual capacity, for "Living Conditions/Lack of outside recreation 21 hour lock down." (Docket Entry 26 at 2.)[1] The entirety of the facts section in the Amended Complaint provides:

> Plaintiff states that he was housed at the High
> Point Guilford County Jail from October 1 2007 thru [sic]

---

[1] Plaintiff's original Complaint also named "Montgomery (Major)," "C. Williamson (Captain)," "Hairston (Sgt.)," "R. Tinsley (Sgt.)," "D.S. Robertson (Capt.)," "Rollins (LT.)," and "Robert Lanier (Sgt.)" as Defendants. (Docket Entry 2 at 2-3.) Plaintiff's Amended Complaint abandoned Plaintiff's claims against those individuals, naming "Sheriff B.J. Barnes" as the sole Defendant. (Docket Entry 26 at 1-2.)

> December 17, 2009. While housed at this facility, Plaintiff lived in a cell that was approximately Nine (9) Feet by Seven (7) Feet and was only allowed out of his cell for three (3) hours a day. Furthermore, Plaintiff states he was not allowed outside recreation whatsoever in the whole Twenty-Six and a half months he was held in custody. Plaintiff states, [sic] that this treatment was not due to his misbehavior. Policy at the said [sic] facility dictates inmates [sic] time out of cell.

(Id. at 3 (errant capitalization in original).)

Defendant has now filed the instant Motion to Dismiss (Docket Entry 34), contending that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and thus should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (see Docket Entry 35 at 2-3). Plaintiff has filed a Response (Docket Entry 39) and Defendant has replied (Docket Entry 40).

## DISCUSSION

A plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is

-2-

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

Moreover, the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). However, the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

Because Plaintiff's allegations relate to the conditions of his confinement as a pretrial detainee (see Docket Entry 39 at 2),

---

[2] "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

-3-

Case 1:09-cv-00214-CCE-LPA   Document 44   Filed 08/22/12   Page 3 of 7

the Due Process Clause of the Fourteenth Amendment establishes the framework for evaluating Plaintiff's claim. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). Under the Fourteenth Amendment, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 535-36. "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992). A particular condition or restriction of confinement amounts to a "constitutionally impermissible 'punishment'" if it was "(1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (citing Bell, 441 U.S. at 538-40). Moreover, the challenged condition must have imposed restrictions of sufficient severity so as to implicate the Constitution. See Bell, 441 U.S. at 539 n.21 ("'There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned.'" (quoting Ingraham v. Wright, 430 U.S. 651, 674 (1977)).

Under this standard, Plaintiff's Amended Complaint fails to state a claim because his allegations regarding "21 hour lock down" and a general "[l]ack of outside recreation" (Docket Entry 26 at 2) do not rise to a level of constitutional concern. See, e.g., Callicutt v. Panola Cnty. Jail, No. 98-60193, 200 F.3d 816 (table), 1999 WL 1095663, at *3 (5th Cir. Nov. 4, 1999) (unpublished) ("[T]he magistrate judge's report correctly noted that neither

prisoners nor pretrial detainees have a constitutional right to outdoor exercise or recreation." (citation omitted)); Jones v. Kelly, No. 89-6651, 900 F.2d 252 (table), 1990 WL 33936, at *1 (4th Cir. Mar. 8, 1990) (unpublished) ("It is well settled that jails may provide space for indoor exercise and recreation as an alternative to outdoor recreational facilities, absent medical evidence demonstrating a need for outdoor exercise."); Kinser v. County of San Bernardino, No. ED CV 11-0718-RGK (PJW), 2011 WL 4801899, at *4 (C.D. Cal. Aug. 25, 2011) (unpublished) ("[The plaintiff] alleges that she has been confined to her cell more than 22 hours a day and that she has had to eat all her meals in her cell in close proximity to her toilet. These allegations by themselves do not state a Fourteenth Amendment conditions of confinement claim."); O'Mara v. Hillsborough Cnty. Dep't of Corr., No. 08-cv-51-SM, 2008 WL 5077001, at *4 (D.N.H. Nov. 24, 2008) (unpublished) ("[The plaintiff's] allegations are insufficient to state a cognizable constitutional claim. His complaint that he was afforded only two hours of out-of-cell time a day does not state a claim of constitutional dimension.").

In addition, Plaintiff's Amended Complaint does not state a plausible claim to relief because it does not allege facts, which, if accepted as true, could establish that Defendant implemented the restrictions of which Plaintiff complains "with an expressed intent to punish" or that such restrictions were "not reasonably related to a legitimate nonpunitive governmental objective," from which the Court might infer an intent to punish, Martin, 849 F.2d at 870.

See, e.g., Kibwika v. Broward Cnty. Sheriff's Office, 453 Fed. App'x 915, 919 (11th Cir. 2012) ("In his amended complaint, [the plaintiff] failed to state a plausible claim for relief because he provided no factual allegations which, if accepted as true, show that jail officials imposed the lockdown for the purpose of punishment."); Santana v. Aviles, Civil No. 11-2611 (FSH), 2011 WL 6002260, at *4 (D.N.J. Nov. 30, 2011) (unpublished) ("[The plaintiff] complains that the pretrial detainee unit on which he was housed was on lockdown for over 270 days, during which time detainees had no outdoor recreation. Although [the plaintiff's] allegations are consistent with a finding that the lockdown and denial of access to outdoor recreation were arbitrary and purposeless, [the plaintiff's] allegations are also consistent with restrictions that constitute a rational response by jail officials to an incident or other circumstances warranting a need for heightened security during this period.").[3]

## CONCLUSION

Because the conditions Plaintiff describes in his Amended Complaint do not amount to a constitutional violation and Plaintiff has failed to sufficiently allege any intent to punish or circumstances from which an intent to punish might be inferred, Plaintiff's Amended Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

---

[3] In fact, Plaintiff's only allegation which the Court can construe as addressing this issue appears to suggest the contrary: "Plaintiff states, [sic] that this treatment was not due to his misbehavior. Policy at the said [sic] facility dictates inmates [sic] time out of cell." (Docket Entry 26 at 3.)

-6-

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss Amended Complaint (Docket Entry 34) be granted and that the instant action be dismissed.

                                                                         /s/ L. Patrick Auld
                                                                              **L. Patrick Auld**
                                                       **United States Magistrate Judge**

August 22, 2012